Smith, J.
This case raises the question whether, when one purchases goods o.n the installment plan, and simultaneously executes', a, mortgage thereon to the seller to secure the deferred payments of the purchase money, and makes substantial payments thereon, but afterwards makes default as to other of the payments, the seller in accordance with the terms of the mortgagee, may legally take possession of the mortgaged property without complying with the provisions of Section 2 of the act passed May 4, 1885, (S. & B.’s Rev. Stat., 7913-73), by tendering to the purchaser the sum or sums of money so paid, after deducting therefrom a reasonable compensation for the use of such property, which shall i» no case exceed fifty per cent.of the amount so paid; that is, whether a transaction of this kind, when a mortgage is given,, comes within the letter or spirit of this law.
We understand that the Supreme Court in the decision of the case of the Singer Manufacturing Company vs. Caldwell (35 Law Bull., 375), affirming the decision of the? Circuit Court of Jefferson County, upon the grounds stated in the opinion of that court (7 C. C. 460), has held that it does. The question was properly raised in this case by exception taken to the rulings of the court directing the jury t» return a verdict for the plaintiff below, Speyer & Company, and in refusing to charge the jury as requested by defendant’s counsel on that point.
The judgment will be reversed, and a new trial awarded.